No. 10,276
Orleans

---

**MERTZWEILER & REYNOLDS v. O. M. GWIN CONSTRUCTION CO., Appellant**

---

(February 1, 1926, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Appeal—Par. 630.
Conclusions of the trial judge as to issues of fact will be reversed on appeal where plainly erroneous.

Appeal from First City Court, Parish of Orleans. Hon. William V. Seeber, Judge.

This is a suit under a verbal contract for construction of certain cement flooring and for the relaying of brick sidewalks.

There was judgment for plaintiff.

Defendants appealed.

Plaintiffs did not answer the appeal.

Judgment reversed.

Martin E. Kranz, of New Orleans, attorney for plaintiff, appellee.

P. M. Milner, of New Orleans, attorney for defendant, appellant.

BELL, J.  Plaintiffs sued defendants under a verbal contract for construction of certain cement flooring and for the relaying of brick sidewalks, all appertaining to a building on which defendants were working as general contractors. The amount claimed was $300.00.

Defendants answered by admitting the contract, but alleged that plaintiffs failed to complete the job, abandoned same, and that defendants were therefore compelled to complete the work after putting plaintiffs in default; that plaintiffs agreed that defendants should complete the job; that credits for this work, together with a certain item of repairs to a gasoline concrete mixer, loaned to plaintiffs, should offset the amount claimed in this suit.

The lower court rendered judgment for $114.48, the exact amount which defendants claimed was due them for necessary repairs to the mixer. Defendants appealed. Plaintiffs have not answered the appeal. There are no written reasons for judgment in the record, but we find in appellee's brief the following admissions and conclusions as two reasons for judgment:

"The judge was not satisfied as to the amount due, and felt that insufficient evidence was offered by plaintiff in support of his claim for the amount sued on, and that the defendants did not prove to his satisfaction that plaintiff and appellee was to be condemned for the damages, if any, to the concrete mixer."

It is not denied that defendants loaned the mixer to plaintiffs or that it was damaged while being used by plaintiffs. We can only surmise that the trial judge, in rendering judgment for the above amount, concluded from the evidence adduced that some portion of the main demand was due plaintiffs, at least to the extent or value of the repairs placed upon the mixer, and that they were not liable in any manner for damages to the mixer.

Only issues of fact are involved in this proceeding, and we find nothing in the record before us which supports the judgment as rendered.

Robert E. Reynolds is the sole witness for plaintiffs; there is nothing in his testimony which establishes with any certainty the claim or account sued upon, and nearly all his evidence is devoted to questioning the correctness of the carefully itemized account of defendants. We are unable to find any proof offered by plaintiffs or any admissions made by defendants which could establish plaintiffs' main demand beyond the amount which has been allowed. However, plaintiffs' failure to answer the appeal confines the main demand to this amount, and resolves the issue on appeal to defendants' counter demand for repairs to the damaged mixer.

Defendants have established, by four witnesses, that the mixer was operated only by plaintiffs' employee up to the time it was damaged; that failure of this employee to properly lubricate the mixer caused it to be broken and rendered useless, and that the expenses for labor necessary to repair the mixer was $114.48, an amount actually disbursed by defendants, as shown by payrolls and time checks. There is no rebuttal testimony to overcome this evidence except Reynolds' statement that the mixer was in charge of defendants'

engineer both before and after it was broken. The preponderance of evidence is against this statement.

We are satisfied that the mixer was broken while plaintiffs were using it, and that the damage was due to carelessness of the plaintiffs' operator. It follows, therefore, that plaintiffs must reimburse defendants for the amount expended by them in necessary repairs, to-wit, the sum of $114.48. This amount should have been credited against a like sum due plaintiffs, with the result that the plaintiffs can recover nothing from the defendants.

It is therefore ordered that the judgment appealed from be reversed and set aside, and that there be judgment for defendants, dismissinig plaintiffs' claim, at plaintiffs' cost, in both courts.